UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CROSS NICASTRO,<br><br>Defendant. | Civil Action No.  6:17-cv-745 (TJM/ATB) |

## COMPLAINT

The United States of America, by the authority of the Attorney General of the United States, acting on behalf of the Regional Administrator of the U.S. Environmental Protection Agency ("EPA"), Region 2, alleges as follows:

### NATURE OF THE ACTION

1.  This is a civil action against Defendant Cross Nicastro pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, seeking the recovery of response costs incurred and to be incurred by the United States for response actions to address releases or threatened releases of hazardous substances into the environment at and from the Frankfort Asbestos Superfund Site (the "Site") pursuant to 42 U.S.C. §§ 9607(a) and 9613(g)(2).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and over the Defendant under 28 U.S.C. §§ 1331 and 1345 and under CERCLA Section 113(b), 42 U.S.C. § 9613(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and CERCLA Section 113(b), 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to the claim in this Complaint occurred in this district and because the Site is located in this district.

## DEFENDANT

4. Defendant Cross Nicastro ("Defendant Nicastro") resides at 3720 Southside Road, Frankfort, New York 13340. Defendant is a "person" as defined under CERCLA Section 101(21), 42 U.S.C. § 9601(21), and the owner or operator of the Site as defined under CERCLA Sections 101(20)(A), 107(a)(1) and (2), 42 U.S.C. §§ 9601(20)(A), 9607(a)(1) and (2).

## THE STATUTORY SCHEME

5. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases or threatened releases of "hazardous substances" and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." CERCLA Sections 104(a), 101(14) and (25); 42 U.S.C. §§ 9604(a), 9601(14) and (25).

6. Under CERCLA Section 104(a)(1), 42 U.S.C. § 9604(a)(1):

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the

> President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment.

7. Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a):

> [W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat, and the district court of the United States in the district in which the threat occurs shall have jurisdiction to grant such relief as the public interest and the equities of the case may require. The President may also . . . take other action under this section including, but not limited to, issuing such orders as may be necessary to protect public health and welfare and the environment.

By Executive Order 12580, dated January 23, 1987, the President's authority under CERCLA Section 106(a), 42 U.S.C. § 9606(a), was delegated to the Administrator of EPA. The Administrator of EPA re-delegated the functions under Section 106(a), 42 U.S.C. § 9606(a), to the Regional Administrators of EPA, including the Regional Administrator of EPA Region 2, with the authority to re-delegate such functions. The Regional Administrator of EPA Region 2 re-delegated the functions under Section 106(a), 42 U.S.C. § 9606(a), to the Director of the Emergency and Remedial Response Division of EPA Region 2.

8. CERCLA Section 107(a)(1) and (2), 42 U.S.C. § 9607(a)(1) and (2), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section—
>
>> (1) the owner and operator of a vessel or a facility,
>>
>> (2) any person who at the time of disposal of any hazardous

> substances owned or operated any facility at which hazardous substances were disposed of,...shall be liable for—
>
> (A) all costs of removal or remedial action incurred by the United States Government, or a State...not inconsistent with the national contingency plan...
>
> ... The amounts recoverable in an action under this section shall include interest on the amounts recoverable under subparagraphs (A) through (D).

The term "owner or operator" is defined under CERCLA Section 101(20)(A), 42 U.S.C. § 9601(20)(A) as "... in the case of an onshore facility or an offshore facility, any person owning or operating such facility ... ". The term "facility" is defined under CERCLA Section 101(9), 42 U.S.C. § 9601(9) as "... any site or area where a hazardous substance has been deposited stored, disposed of, or placed or otherwise come to be located ... ".

9. CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), provides in pertinent part:

> In any such action [for recovery of the costs referred to in section 9607]..., the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

## THE SITE AND FACTUAL BACKGROUND

10. The Site is located at 3720 Southside Road (Old New York State Route 5S) and comprises approximately 1.75 acres of a 192-acre former dairy farm located in a rural area approximately one mile northwest of the Town of Frankfort, in Herkimer County, New York.

11. From on or about July 7, 2006 to on or about October 11, 2006, pulverized construction and demolition debris was disposed of at the Site. In addition to the pulverized debris, materials found at the Site included broken floor tiles, transite, corrugated cement sheeting, shingles, wood, and other miscellaneous debris.

4

12. Defendant Nicastro was the sole owner of the Site during 2006 and is currently the sole owner of the Site within the meaning of CERCLA Sections 101(20)(A), 107(a)(1) and (2), 42 U.S.C. §§ 9601(20)(A), 9607(a)(1) and (2).

13. In November, 2006, EPA sampled the debris which had been disposed of at the Site. The sampling revealed hazardous substances, including asbestos, lead, and trace semi-volatile organic compounds, as defined within the meaning of CERCLA Section 101(14), 42 U.S.C. § 9601(14), documenting the release or threatened release of hazardous substances at or from the Site.

14. Pursuant to CERCLA Section 104(a)(1), 42 U.S.C. § 9604(a)(1), EPA initiated an initial interim stabilization action to respond to the release or threatened release of hazardous substances at or from the Site in 2007.

15. Pursuant to CERCLA Section 104(a)(1) and 106(a), 42 U.S.C. §§ 9604(a)(1) and 9606(a), EPA issued an Administrative Order (U.S. EPA Index No. CERCLA 02-2012-2001) to Defendant Nicastro and other potentially responsible parties on November 15, 2011, directing implementation of a time-critical removal action to address deteriorating conditions and cleanup of the Site.

16. Since no potentially responsible party, including Defendant Nicastro, implemented the Administrative Order, EPA itself performed the removal action at the Site. This EPA response action included the excavation and the off-site disposal of asbestos-containing materials at an approved facility, and other steps to permanently address conditions resulting in the release or threatened release of hazardous substances at or from the Site. This phase of the response action at the Site was completed in 2014.

17.     EPA has incurred response costs in the amount of $3,684,436.82 for its response actions at the Site.

## GENERAL ALLEGATIONS

18.     The Site, located in Frankfort, Herkimer County, New York is a "facility" within the meaning of CERCLA Section 101(9), 42 U.S.C. § 9601(9).

19.     Defendant Nicastro, a "person" within the meaning of CERCLA Section 101(21), 42 U.S.C. § 9601(21), is the current "owner" of the Site and was also the "owner or operator" of the Site at the time of "disposal" of "hazardous substances" at the Site within the meaning of CERCLA Sections 101(14), (20)(A), (29) and 107(a)(1) and (2), 42 U.S.C. §§ 9601(14), (20)(A), (29) and 9607(a)(1) and (2).

20.     Hazardous substances, including asbestos, lead, and trace amounts of semi-volatile compounds, within the meaning of CERCLA Section 101(14), 42 U.S.C. § 9601(14), were disposed of at the Site.

21.     There have been "releases" or threatened releases of hazardous substances at or from the Site into the environment, within the meaning of CERCLA Section 101(22), 42 U.S.C. § 9601(22).

22.     As a result of the releases or threatened releases of hazardous substances at or from the Site, EPA has incurred response costs and may incur future response costs within the meaning of CERCLA Sections 101(23), (25) and 107, 42 U.S.C. §§ 9601(23), (25) and 9607, in responding to the releases or threatened releases of hazardous substances from the Site.

23.     The costs of response actions taken by the United States in connection with the Site are not inconsistent with the National Oil and Hazardous Substances Pollution Contingency

Plan ("National Contingency Plan"), promulgated pursuant to CERCLA Section 105, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

24.     Defendant Nicastro, the current owner of the Site and the owner of the Site at the time of the disposal of hazardous substances there, is liable for EPA's response costs incurred in connection with the Site and additional response costs EPA may incur in connection with the Site, pursuant to CERCLA Section 107(a)(1) and (2), 42 U.S.C. § 9607(a)(1) and (2).

### CLAIM FOR RELIEF: COST RECOVERY

25.     Paragraphs 1 through 24 are re-alleged and incorporated herein by reference.

26.     The Site is a "facility" within the meaning of CERCLA Section 101(9), 42 U.S.C. § 9601(9).

27.     There have been "releases," within the meaning of CERCLA Section 101(22), 42 U.S.C. § 9601(22), or threatened releases, of "hazardous substances" within the meaning of CERCLA Section 101(14), 42 U.S.C. § 9601(14), at or from the Site.

28.     The United States has taken response actions and incurred costs of response within the meaning of CERCLA Sections 101(25) and 107, 42 U.S.C. §§ 9601(25) and 9607, in connection with releases or threatened releases of hazardous substances at or from the Site.

29.     The United States' response actions at the Site were not inconsistent with the National Contingency Plan, promulgated under CERCLA Section 105, 42 U.S.C. § 9605, as codified at 40 C.F.R. Part 300.

30.     Defendant Nicastro is liable under CERCLA Section 107(a)(1) and (2), 42 U.S.C. § 9607(a)(1) and (2), as a "person" who is currently the owner and at the time of hazardous substances disposal was the owner of the Frankfort Asbestos Superfund Site, a "facility," defined in CERCLA Section 101(9), 42 U.S.C. § 9601(9), as ". . . any site or area where a hazardous

substance has been deposited, stored, disposed of, or placed, or otherwise come to be located . . . ".

31. Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), Defendant Nicastro is jointly and severally liable to the United States for response costs incurred in connection with this Site.

32. Pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that Defendant is jointly and severally liable to the United States under CERCLA Section 107(a), 42 U.S.C. § 9607(a), for response costs incurred by the United States with respect to the Site, not inconsistent with the National Contingency Plan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

1. Enter judgment in favor of the United States, pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), holding Defendant jointly and severally liable for unreimbursed costs incurred by the United States regarding the Site, including interest accrued thereon;

2. Enter a declaratory judgment, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), against Defendant Nicastro for liability for response costs and damages that will be binding in any action or subsequent actions to recover further response costs, plus interest thereon;

3. Award the United States its costs of this action; and

4. Grant the United States such other and further relief as the Court deems just and proper.

Respectfully Submitted,

THOMAS A. MARIANI, JR.
Section Chief
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section


_Elizabeth F. Kroop_
ELIZABETH F. KROOP
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, DC  20044-7611
Telephone:  (202) 514-5244
Email:  elizabeth.kroop@usdoj.gov


GRANT C. JAQUITH
Acting United States Attorney
Northern District of New York


_Thomas Spina Jr._
THOMAS SPINA JR.
Bar Roll # 102653
Assistant United States Attorney
United States Attorney's Office
Northern District of New York
445 Broadway
Albany, New York 12207
Telephone:  (518) 431-0247
Email:  thomas.spina@usdoj.gov