## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>CROSS NICASTRO,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.  6:17-cv-00745-GTS-ATB

## <u>CONSENT DECREE</u>

**TABLE OF CONTENTS**

I.      BACKGROUND ................................................................................................... 1

II.     JURISDICTION ................................................................................................... 3

III.    PARTIES BOUND ............................................................................................... 4

IV.     DEFINITIONS..................................................................................................... 4

V.      PAYMENTS ........................................................................................................ 6

VI.     FAILURE TO COMPLY WITH CONSENT DECREE ..................................... 8

VII.    COVENANTS BY PLAINTIFF.......................................................................... 9

VIII.   RESERVATION OF RIGHTS BY UNITED STATES ..................................... 10

IX.     COVENANTS BY SETTLING DEFENDANT.................................................. 11

X.      EFFECT OF SETTLEMENT/CONTRIBUTION .............................................. 12

XI.     ACCESS TO INFORMATION .......................................................................... 14

XII.    RETENTION OF RECORDS ............................................................................. 16

XIII.   NOTICES AND SUBMISSIONS ...................................................................... 18

XIV.    RETENTION OF JURISDICTION..................................................................... 18

XV.     INTEGRATION/APPENDICES.………………………………………………...19

XVI.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ....................... 19

XVII.   SIGNATORIES/SERVICE................................................................................. 19

XVIII.  FINAL JUDGMENT .......................................................................................... 20

# I.   BACKGROUND

A.      The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a Complaint against Cross Nicastro on July 7, 2017, pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607 ("CERCLA"). Dkt. 1. The Complaint seeks reimbursement from Defendant Cross Nicastro ("Settling Defendant" or "Mr. Nicastro") for costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Frankfort Asbestos Superfund Site ("Site"), located approximately one mile northwest of the Town of Frankfort, in Herkimer County, New York.

B.      Settling Defendant was and is the owner and/or an operator of the Site as defined under Section 107(a)(1) and (2) of CERCLA, 42 U.S.C. § 9607(a)(1) and (2), and, as such, a potentially responsible party jointly and severally liable for response costs incurred at the Site.

C.      In response to the release or threatened release of hazardous substances at or from the Site, EPA undertook response actions pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604, including:

1.      In November 2007, EPA initiated interim stabilization removal activities to contain and prevent exposure to asbestos-containing materials at the Site.

2.      On November 15, 2011, EPA issued a Unilateral Administrative Order for Removal Action, Index No. CERCLA-02-2012-2001, pursuant to Section 106(a) of CERLA, 42 U.S.C. § 9606(a), directing Settling Defendant, among others, to implement time-critical removal activities at the Site to address deteriorating conditions, which he and all others declined to perform.

1

3. In November 2013, EPA conducted removal activities at the Site that EPA had directed to be performed under the Unilateral Administrative Order for Removal Action, involving excavation of the asbestos-containing materials and their off-site disposal at an approved facility. EPA's response activities at the Site were completed in July 2014.

D. In performing response activities at the Site, EPA incurred response costs as set forth under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

E. In a separate Title 18 criminal action pertaining to this Site, Mr. Nicastro was indicted on charges of conspiracy to defraud the United States and of knowingly committing other offenses against the United States, on June 2, 2011. See United States v. Julius DeSimone, Donald Torriero, Cross Nicastro, Dominick Mazza, Mazza & Sons, Inc., Case No. 5:11-cr-264-DNH (NDNY). Mr. Nicastro was found guilty of the criminal charges on October 16, 2012, and, in accordance with sentencing, was held jointly and severally liable with other co-defendants for a restitution amount to EPA of $471,209.14 in cleanup costs at the Site as of that time. In 2016, Mr. Nicastro stipulated, among other matters, to pay individual restitution to EPA in the additional amount of $300,000.00. Based on an evaluation of Mr. Nicastro's financial ability to pay by the Court and the U.S. Probation Office at that time, Mr. Nicastro was ordered to pay the individual restitution in $200.00 monthly payments. Mr. Nicastro contributed $25,000.00 towards the joint and several criminal restitution judgment, and, as of December 2020, had paid $10,509.00 towards his individual criminal restitution judgment.

F. In reaching the agreement embodied within this CERCLA Consent Decree, the United States reviewed updated Financial Information submitted by Settling Defendant to determine whether he is financially able, and to what extent, to pay for response costs incurred at

the Site.  Based upon the Financial Information submitted, the United States determined that Settling Defendant has limited financial ability to pay.

      G.      Settling Defendant enters into this Consent Decree in order to resolve the CERCLA claims against him, but in so doing, he does not admit liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

      H.      The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

      NOW, THEREFORE, with the consent of the Parties to this Decree, it is hereby ORDERED, ADJUDGED and DECREED:

## II.    JURISDICTION

      1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9606(b), 9607(a) and 9613(b), and personal jurisdiction over Settling Defendant.  Venue lies in this District pursuant to Section 113(b) of CERCLA, 42 U.S.C § 9613(b), and 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because the actions alleged in the Complaint occurred in this judicial district.  Settling Defendant waives all objections and defenses he may have to jurisdiction of the Court or venue in this District for the purposes of this Consent Decree and the underlying Complaint.  Settling Defendant agrees not to challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

### III.   PARTIES BOUND

2.      This Consent Decree is binding upon the United States and upon Settling

Defendant and his heirs, successors, and assigns.  Any change in ownership or corporate or other

legal status, including, but not limited to, any transfer of assets or real or personal property, shall

in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

### IV.   DEFINITIONS

3.      Unless otherwise expressly provided in this Consent Decree, terms used in this

Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA

shall have the meanings assigned to them in CERCLA or such regulations. Whenever terms

listed below are used in this Consent Decree or in any appendix attached hereto, the following

definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response,

Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Civil Penalty" shall mean payment to resolve alleged liability for violation of

Sections 106(b)(1) and 107(c)(3) of CERCLA, 42 U.S.C. §§ 9606(b)(1) and 9607(c)(3),

pertaining to noncompliance with EPA's November 15, 2011 Unilateral Administrative

Order for Removal Action, Index No. CERCLA-02-2012-2001.

"Consent Decree" shall mean this Consent Decree and Appendix A attached hereto.

"Day" or "day" shall mean a calendar day.  In computing any period of time under

this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or

State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and its successor

departments, agencies, or instrumentalities.

4

"Effective Date" shall mean the date upon which approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Financial Information" shall mean the financial documents identified in Appendix A.

"Interest" shall mean interest at the rate of 3.25%, compounded annually.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States of America and Settling Defendant.

"Plaintiff" shall mean the United States of America.

"Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA and DOJ (on behalf of the EPA) has paid or will pay at or in connection with the Site, plus accrued Interest on all such costs.

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendant" shall mean Cross Nicastro or Mr. Nicastro.

"Site" shall mean the Frankfort Asbestos Superfund Site, encompassing approximately 1.75 acres of a 192 acre former dairy farm, located at 3720 Southside Road (Old New York State Route 5S), approximately one mile northwest of the Town of Frankfort in Herkimer County, New York.

5

"State" shall mean the State of New York.

"Unilateral Administrative Order" shall mean EPA's November 15, 2011 Unilateral Administrative Order for Removal Action, Index No. CERCLA-02-2012-2001.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States of America, including EPA.

## V.   PAYMENTS

4.   <u>Payment of Response Costs and Civil Penalties</u>. Settling Defendant shall pay to the United States the total principal amount of $135,000.00 (one hundred thirty-five thousand dollars). Payment of this principal amount shall be made in three (3) equal installments of $45,000.00 (forty–five thousand dollars), of which $35,000.00 (thirty-five thousand dollars) of each payment shall be applied to CERCLA response costs and $10,000.00 (ten thousand dollars) of each payment shall be applied to CERCLA civil penalties. The first installment payment of $45,000.00 (forty-five thousand dollars) is due and shall be paid within thirty (30) days after the Effective Date of this Consent Decree, and, if timely paid, shall include no Interest. The subsequent two installment payments, each of $45,000.00 (forty-five thousand dollars), shall be due on the first and second anniversary of the Effective Date of this Consent Decree. Each installment payment shall also include an additional sum for Interest accrued on the unpaid portion of the principal amount calculated from the date of the prior payment until the date of the payment. The Financial Litigation Unit ("FLU") of the U.S. Attorney's Office for the Northern District of New York shall send Settling Defendant a calculation of the amount of Interest due for each installment payment prior to the due date. Settling Defendant may pay any installment prior to the due date, but he shall contact the FLU in advance for a determination regarding the amount of Interest that is due to be included with any such payment. In the event that any

installment payment includes an overpayment, the amount of the overpayment shall be applied to the remaining principal.

5.      Settling Defendant shall make all payments at https://www.pay.gov to the U.S. Department of Justice account, in accordance with payment instructions provided to Settling Defendant by the FLU of the U.S. Attorney's Office for the Northern District of New York after the Effective Date of this Consent Decree.  Payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") Number, the Site/Spill ID Number 02ZG, and the DJ Number 90-11-3-10738/3, all of which shall be used to identify any payments required in accordance with this Consent Decree.  The FLU shall provide the payment instructions on behalf of Settling Defendant after the Effective Date to:

> Michael Castle, Esq.
> Castle Law Firm
> 110 West Albany Street
> Herkimer, New York 13350
> Telephone: 315-866-7401
> Email: mcastle.law@verizon.net

Settling Defendant or his authorized agent may change the individual(s) to receive payment instructions on his behalf by providing written notice of the change to DOJ and EPA in accordance with Section XIIII (Notices and Submissions).

6.      Deposit of Payment. The total amount of each payment made pursuant to Paragraph 4 (Payment of Response Costs and Civil Penalties) shall be deposited in the EPA Hazardous Substance Superfund.

7.      Notice of Payment. At the time of each payment, Settling Defendant shall send notice that each payment has been made to the following:  (a) DOJ and EPA in accordance with Section XIII (Notices and Submissions); and (b) the EPA Cincinnati Finance Center by email addressed to cinwd_acctsreceivable@epa.gov and by first class mail addressed to the EPA

Cincinnati Finance Center, 26 W. Martin Luther King Drive, Cincinnati, Ohio, 45268.  All such notices shall reference the CDCS Number, the Site/Spill ID Number 02ZG, and the DJ Number 90-11-3-10738/3.

## VI.    FAILURE TO COMPLY WITH CONSENT DECREE

8.    Interest on Payments.  If Settling Defendant fails to make any payment required under Paragraph 4 (Payment of Response Costs and Civil Penalties) by the required due date, Interest shall become due immediately upon such failure, and it shall accrue on any unpaid balance from the required due date through the date of payment.

9.    Stipulated Penalties.

a.    If any amounts that are due to EPA under Paragraph 4 (Payment of Response Costs and Civil Penalties) are not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall be liable to pay, as a stipulated penalty, in addition to the Interest required under Paragraph 8 (Interest on Payments), an amount of $250.00 (two hundred and fifty dollars) per violation per day that such payment is late.

b.    Stipulated penalties are due and payable within thirty (30) days after the date of the demand for payment of such penalties by EPA.  All penalties paid to EPA under this Paragraph shall be identified as "stipulated penalties," include reference to the CDCS Number, Site/Spill ID Number 02ZG, and DJ Number 90-11-3-10738/3, and shall be made by Fedwire EFT to:  Federal Reserve Bank of New York; ABA=021030004; Account = 68010727; SWIFT address = FRNYUS33; 33 Liberty Street; New York, NY 10045; Field Tag 4200 of the Fedwire message should read: "D 68010727 Environmental Protection Agency"

c.    At the time of each payment, Settling Defendant shall send notice that payment has been made to EPA and DOJ as provided in Paragraph 7 (Notice of Payment).

8

       d.      Stipulated penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need be paid only upon demand.  All stipulated penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date payment is made.  Nothing in this Consent Decree shall prevent the simultaneous accrual of separate stipulated penalties for separate violations of this Consent Decree.

      10.     Should the United States bring an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

      11.     Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

      12.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V (Payments) or from performance of any other requirements of this Consent Decree.

### VII.   COVENANTS BY PLAINTIFF

      13.     <u>Covenants for Settling Defendant by United States</u>.  Except as specifically provided in Section XVIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106, 107(a), and 107(c)(3) of CERCLA, 42 U.S.C. §§ 9606, 9607(a) and 9607(c)(3), regarding this Site.  These covenants shall take effect upon the Effective Date of this Consent Decree.  With

respect to present and future liability, these covenants are conditioned upon the satisfactory performance by Settling Defendant of his obligations under this Consent Decree. These covenants are also conditioned upon the veracity and completeness of the Financial Information provided to the United States by Settling Defendant (see Appendix A) and the certification made by Settling Defendant in Paragraph 31. These covenants extend only to Settling Defendant and do not extend to any other person.

## VIII.   RESERVATION OF RIGHTS BY UNITED STATES

14.     The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within Paragraph 13 (Covenants for Settling Defendant by United States). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

a.     liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b.     criminal liability;

c.     liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

d.     liability based on the operation of the Site by Settling Defendant when such operation commences after signature of this Consent Decree by Defendant;

e.     liability based on Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendant; and

10

f.      liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

15.      Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the Financial Information provided by Settling Defendant is false, or in any material respect, inaccurate.

## IX.   COVENANTS BY SETTLING DEFENDANT

16.      Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site and this Consent Decree, including but not limited to:

a.      any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.      any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Constitution of the State of New York, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c.      any claim pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, Section 7002(a) of the Resource Conservation Recovery Act ("RCRA"), 42 U.S.C. § 6972(a), or State law, relating to the Site.

17.      Except as provided in Paragraph 19 (Waiver of Claims by Settling Defendant) and Paragraph 24 (Res Judicata and Other Defenses), these covenants shall not apply in the event that

11

the United States brings a cause of action or issues an order pursuant to any of the reservations set forth in Section VIII (Reservations of Rights by United States), other than in Paragraph 14.a. (liability for failure to meet a requirement of this Consent Decree) or 14.b. (criminal liability), but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

18.　　Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

19.　　Waiver of Claims by Settling Defendant. Defendant agrees not to assert any claims and agrees to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA, 42 U.S.C. §§ 107(a) and 113) that he may have for response costs relating to the Site against any other person who is a potentially responsible party under CERCLA at the Site. The waiver in this Paragraph shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against Settling Defendant.

## X.　　EFFECT OF SETTLEMENT/CONTRIBUTION

20.　　Except as provided in Paragraph 19 (Waiver of Claims by Settling Defendant), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section IX (Covenants by Settling Defendant), the Parties expressly reserve any and all rights (including, but not limited to, under Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or

12

occurrence relating in any way to the Site against any person not a Party hereto.  Nothing in this

Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3)

of CERCLA, 42 U.S.C. § 9613(f)(2) and (3), to pursue any such persons to obtain additional

response costs or response action and to enter into settlements that give rise to contribution

protection pursuant to Section 113(f)(2).

     21.     The Parties agree, and by entering this Consent Decree this Court finds, that this

settlement constitutes a judicially-approved settlement pursuant to which Settling Defendant has,

as of the Effective Date, resolved his liability to the United States within the meaning of

Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date,

to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA,

42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for the "matters addressed" in

this Consent Decree.  The "matters addressed" in this Consent Decree are all response actions

taken or to be taken and all response costs incurred or to be incurred at or in connection with the

Site by the United States or any other person, except for the State, and all penalties pursuant to

Sections 106(b)(1) and 107(c)(3) of CERCLA, 42 U.S.C. §§ 9606 (b)(1) and 9607(c)(3), as

applicable, to those response actions; provided, however, that if the United States exercises rights

under the reservations in Section XVII (Reservations of Rights by United States), other than in

Paragraphs 14.a. (liability for failure to meet a requirement of Consent Decree) or 14.b. (criminal

liability), the "matters addressed" in this Consent Decree will no longer include those response

costs or response actions that are within the scope of the exercised reservation and related

penalties.

     22.     The Parties further agree, and by entering this Consent Decree this Court finds,

that the Complaint filed by the United States in this action is a civil action within the meaning of

Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

23.     Settling Defendant shall, with respect to any suit or claim brought by him for matters related to this Consent Decree, notify DOJ and EPA in writing no later than sixty (60) days prior to the initiation of such suit or claim.  Settling Defendant also shall, with respect to any suit or claim brought against him for matters related to this Consent Decree, notify DOJ and EPA in writing within ten (10) days after service of the complaint or claim upon him.  In addition, Settling Defendant shall notify DOJ and EPA within ten (10) days after service or receipt of any motion for summary judgment and within ten (10) days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

24.     <u>Res Judicata and Other Defenses</u>.  In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, provided, however, that nothing in this Paragraph affects the enforceability of Section VII (Covenants by Plaintiff).

## XI.     ACCESS TO INFORMATION

25.     Settling Defendant shall provide to DOJ and EPA, upon request, copies of all records, reports, documents, and other information whether in hard copy or electronic form

14

("Record" or "Records") within his possession or control or that of his contractors or agents relating to activities at the Site, including, but not limited to, any sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information regarding the Site.

    26.    <u>Privileged and Protected Claims</u>

    a.    Settling Defendant may assert that all or part of a Record is privileged or protected as provided under federal law, provided he complies with Paragraph 26.b., and except as provided in Paragraph 26.c.

    b.    If Settling Defendant asserts a claim of privilege or protection, he shall provide Plaintiff with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a Record, Settling Defendant shall provide the Record to Plaintiff in redacted form to mask the privileged or protected information only. Settling Defendant shall retain all Records that he claims to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in Settling Defendant's favor.

    c.    Settling Defendant may make no claim of privilege or protection regarding the following:

    (1)    any data regarding the Site, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological, or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or

(2)     the portion of any Record that Settling Defendant is required to create or generate pursuant to this Consent Decree.

27.     <u>Business Confidential Claims.</u> Settling Defendant may assert that all or part of a Record submitted to Plaintiff under this Section or Section XII (Retention of Records) is business confidential to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b).  Settling Defendant shall segregate and clearly identify all Records or parts thereof submitted under this Consent Decree for which Settling Defendant asserts a business confidentiality claim.  Records that Settling Defendant claims to be confidential business information will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B.  If no claim of confidentiality accompanies Records when they are submitted to DOJ or EPA, or if DOJ or EPA has notified Settling Defendant that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Settling Defendant.

28.     Notwithstanding any provision of this Consent Decree, the United States retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

## XII.    RETENTION OF RECORDS

29.     Until ten (10) years after the Effective Date, Settling Defendant shall preserve and retain all non-identical copies of Records as defined in Section XI (Access to Information) Paragraph 25, which are currently in his possession or control or come into his possession or control, that: (a) relate in any manner to his liability under CERCLA with respect to the Site; and (b) relate to the liability of any other person under CERCLA with respect to the Site.  Each of the

16

above record retention requirements shall apply regardless of any other retention policy to the contrary.

30.     After the conclusion of the record retention period, Settling Defendant shall notify DOJ and EPA at least ninety (90) days prior to the destruction of any such Records, and upon request by DOJ or EPA, except as provided in Paragraph 26 (Privileged and Protected Claims), Settling Defendant shall deliver any such Records to DOJ or EPA.

31.     Settling Defendant certifies that, to the best of his knowledge and belief, after thorough inquiry, he has:

a.     not altered, mutilated, discarded, destroyed, or otherwise disposed of any Records (other than identical copies) as defined in Section XI (Access to Information) Paragraph 25 relating to his potential liability regarding the Site since notification of potential liability by the United States or the State, and that he has fully complied with any and all DOJ, EPA, and State requests for information regarding the Site and his financial circumstances, including but not limited to insurance and indemnity information, pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B), Section 3007 of RCRA, 42 U.S.C. § 6927, and State law;

b.     submitted to DOJ and EPA Financial Information that fairly, accurately, and materially sets forth his financial circumstances, and that those circumstances have not materially changed between the time the Financial Information was submitted to DOJ and EPA and the time Settling Defendant executes this Consent Decree; and

c.     fully disclosed any information regarding the existence of any insurance policies or indemnity agreements that may cover claims relating to cleanup of the Site, and submitted to DOJ and EPA any such insurance policies, indemnity agreements, and information.

17

## XIII.   NOTICES AND SUBMISSIONS

32.      Whenever, under the terms of this Consent Decree, notice is required to be given

or a document is required to be sent by one Party to another, it shall be directed to the individuals

at the addresses specified below, unless those individuals or their successors give notice in

writing of a change.  Except as otherwise provided, notice to a Party by email (if that option is

provided) or by regular mail in accordance with the information in this Section satisfies any

notice requirement of this Consent Decree regarding such Party.

**As to DOJ by email**:          eescasemanagement.enrd@usdoj.gov
                                 elizabeth.kroop@usdoj.gov
                                 Re: DJ #90-11-3-10738/3

**As to DOJ by first class mail**:  EES Case Management Unit
                                 US Department of Justice
                                 Environment and Natural Resources Division
                                 Environmental Enforcement Section
                                 P.O. Box 7611
                                 Washington, D.C. 20044 -7611
                                 Re: DJ # 90-11-3-10738/3

**As to EPA**:                   Attention:  Jocelyn Scott
                                 US Environmental Protection Agency, Region 2
                                 290 Broadway, 17th Floor
                                 New York, New York, 10007-1866
                                 Re: Frankfort Asbestos Superfund Site/Spill 02ZG
                                 scott.jocelyn@epa.gov

**As to Setting Defendant**:     Michael Castle, Esq.
                                 Castle Law Firm
                                 110 West Albany Street
                                 Herkimer, New York 13350
                                 mcastle.law@verizon.net

## XIV.   RETENTION OF JURISDICTION

33.      This Court shall retain jurisdiction over this matter for the purpose of interpreting

and enforcing the terms of this Consent Decree.

## XV.    INTEGRATION/APPENDICES

34.    This Consent Decree and Appendix A (attached and incorporated herein), constitute the final, complete, and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XVI.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

35.    This Consent Decree shall be lodged with the Court for a period of at least thirty (30) days to allow for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if comments received regarding this Consent Decree disclose facts or considerations indicating that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendant consents to the entry of this Consent Decree without further notice.

36.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of either Party and the terms of this Consent Decree may not be used as evidence in any litigation between the Parties.

## XVII.  SIGNATORIES/SERVICE

37.    The undersigned representatives of the Parties certify that they are authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

38.    Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified Settling Defendant in writing that it no longer supports entry of this Consent Decree.

39.     Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on his behalf with respect to all matters arising under or relating to this Consent Decree.  Settling Defendant agrees to accept service in that manner and to waive the formal service requirements set forth under Fed. R. Civ. P. 4 and any applicable local rules of this Court, including, but not limited to, service of a summons.

## XVIII.  FINAL JUDGMENT

40.     Upon entry of this Consent Decree by this Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendant.  The Court hereby enters this Consent Decree as final judgment, pursuant to Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 22nd DAY OF July, 2021.

Hon. Glenn T. Suddaby
Chief U.S. District Judge

20

**FOR THE UNITED STATES OF AMERICA**:

**On Behalf of the U.S. Department of Justice:**


THOMAS A. MARIANI, JR.
Section Chief
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section


3|29|21
Dated

Elizabeth F. Kroop
Bar Roll No. 520741
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone:  202.514.5244
Email:  Elizabeth.Kroop@usdoj.gov


Antoinette T. Bacon
Acting United States Attorney
Thomas Spina Jr.
Assistant United States Attorney
United States Attorney's Office
Northern District of New York
445 Broadway, Room 218
Albany, New York 12207
Telephone:  518.431.0247

**On Behalf of the Environmental Protection Agency:**

March 24, 2021

Evangelista, Pat

Digitally signed by Evangelista, Pat
Date: 2021.03.24 16:59:58 -04'00'

---
Date

Pat Evangelista
Director
Superfund and Emergency Management Division
U.S. Environmental Protection Agency, Region 2
290 Broadway
New York, New York 10007-1866

22

**FOR SETTLING DEFENDANT CROSS NICASTRO:**

3/10/21
Date

Cross Nicastro
2501 Higby Road
Herkimer, New York 13350


Agent Authorized to Accept Service on Behalf of Above-Signed Party:

3/10/21
Date

Michael Castle, Esq.
Castle Law Firm
110 West Albany Street
Herkimer, New York 13350
Telephone:  315.866.7401
Email: mcastle.law@verizon.net

23

## APPENDIX A

**Financial Information Submitted by Cross Nicastro For Ability to Pay Analysis**

December 12, 2019 Department of Justice Financial Statement of Debtor Form

Federal Income Tax Returns, Form 1040, from 2015 through 2019

Nicastro Farms, Inc. Federal income Tax Returns, Form 1120-S, from 2015 through 2019

2019 Independent Real Estate Appraisals prepared by McHarris Appraisals

October 8 and 13, 2020 Updated Financial Information Provided by Michael Castle, Esq.

August 31, 2019 E-Trade Account Statement

August 19, 2019 Bank of America Credit Card Statement

September 2, 2019 Lowe's Account Statement